UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, | ) ) ) |
| and | ) ) |
| ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND | ) ) ) Case No. |
| and | ) ) ) |
| KINSEY ROBINSON, as trustee of the National Roofing Industry Pension Plan and trustee of the National Roofing Industry Education Plan, | ) ) ) ) ) |
| and | ) ) |
| UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL UNION NO. 2, AFL-CIO, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| JOURDAIN ROOFING COMPANY, | ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiffs, and for their cause of action against Jourdain Roofing Company (hereinafter "Jourdain Roofing"), state as follows:

### NATURE OF CASE

1.  This is an action to collect fringe benefit contributions from Jourdain Roofing due and owing Plaintiffs, pursuant to §§ 502 and 515 of the Employee Retirement Income Security

Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, as well as pursuant to Section 301 of the Labor Management Relations Acts of 1947 ("LMRA"), 29 U.S.C. § 185.

## PARTIES

2. National Roofing Industry Pension Plan (hereinafter "Pension Plan") and Roofers and Waterproofers Research and Education Joint Trust Fund (hereinafter "Education Plan") are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and maintain their principal place of administration at 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425. The Pension Plan and Education Plan Trust are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Kinsey Robinson, as trustee of the Pension Plan and Education Plan, is a proper party to this action based on his official capacity and fiduciary duties to the Pension Plan and Education Plan.

4. United Union of Roofers, Waterproofers and Allied Workers, Local No. 2 (hereinafter "the Union" or "Roofers Local 2") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and is an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4).

5. The Union maintains its principal offices within this judicial district at 2920 Locust Street, St. Louis, Missouri 63103.

6. Upon information and belief, Jourdain Roofing is a business organized under and existing by virtue of the laws of the State of Illinois.  Defendant Jourdain Roofing is, was, and at all relevant times has been, an employer in an industry affecting commerce within the meaning of

Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

## JURISDICTION

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145.

8. Venue is appropriate in this district pursuant to 29 U.S.C. §§ 185(a), 1132(e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

9. The Pension Plan and Education Plan are multi-employer plans within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

10. Jourdain Roofing is party to a collective bargaining agreement (hereinafter "CBA" or "Agreement") with Roofers Local 2 in St. Louis, Missouri. The collective bargaining agreement has been in effect at all times relevant to this action.

11. At all times relevant to this action, Jourdain Roofing has employed employees who have performed work covered by the collective bargaining agreement.

12. The Pension Plan and Education Plan are established and operate pursuant to written agreements and declarations of trust. These agreements and declarations of trust are incorporated by reference into and are material parts of the Agreement between Roofers Local 2 and Jourdain Roofing.

13. The Agreement entered into between Roofers Local 2 and Jourdain Roofing requires Jourdain Roofing to make monthly contributions to the Pension Plan and Education Plan.

Jourdain Roofing is to contribute to the Pension Plan and Education Plan based on the number of hours worked by its employees who are covered by the collective bargaining agreement.

14. Jourdain Roofing is required to make monthly written reports to Plaintiffs regarding the number of covered employees, the number of hours worked by each employee, and the amounts payable to Plaintiffs.

15. Under the terms of the CBA, Jourdain Roofing was at all relevant times obligated to remit lawfully deducted Union dues to Roofers Local 2.

16. The Agreement, incorporating the agreement and declaration of trust of the Pension Plan and Education Plan and the duly adopted rules of the Pension Plan and Education Plan, require all reports and contributions to Plaintiffs paid by the fifteenth (15th) day following the end of each month. If payment is not made by the last day of the month following the end of the month for which the report and contributions are due, the report and contributions are considered delinquent.

17. The CBA, the agreements and declarations of trust, and ERISA provide remedies to Plaintiffs in the event an employer fails to make required contributions or to submit required reports. Among the remedies available are costs of collection, attorneys' fees, interest in the amount of one and one-half percent (1-1/2%) per month from the due date, and liquidated damages in the amount of twenty percent (20%) of the delinquent contributions. In addition, Plaintiffs are entitled to conduct a payroll audit of any books, records, papers and reports of an employer necessary to determine or to verify the amounts due and owing the Pension Plan and Education Plan under the collective bargaining agreement.

18. By the terms of the CBA, Jourdain Roofing agreed to make contributions and payments to Plaintiffs on behalf of the employees of Jourdain Roofing covered by the Agreement.

19. Jourdain Roofing has performed work covered by the CBA but has failed to make all of the required contributions and lawful dues deductions to Plaintiffs as required under the Agreement.

20. Defendant Jourdain Roofing has failed and refused to file the required reports. This conduct is in breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145. As a result, Plaintiffs cannot determine the precise amount owed to them.

21. Defendant Jourdain Roofing has failed and refused to make the required contributions and dues remissions. This conduct is a breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

22. Pursuant to the CBA, the corresponding agreement and declaration of trusts of the Pension Plan and Education Plan, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Jourdain Roofing owes to Plaintiffs the principal damages together with additional agreed upon and statutory liquidated damages and interest on the delinquent contributions.

23. Plaintiffs have incurred attorneys' fees and other costs in an effort to remedy Jourdain Roofing's failings. Plaintiffs are entitled to recover those fees and costs pursuant to agreements and declarations of trust, and by statutory right, pursuant to 29 U.S.C. § 1132(g).

24. Jourdain Roofing, by its breach of the Agreement, is in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and by its breach of the described plan and trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping fees and other costs.

WHEREFORE, Plaintiffs pray that the Court enter an Order awarding damages to the Plaintiffs in an amount to be proven for unpaid and delinquent contributions and dues remissions, together with mandatory and agreed upon liquidated damages and interest, for contribution to

Plaintiffs, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment; an accounting and audit to determine if further unreported amounts are due and owing; and awarding Plaintiffs their costs of this action attributable to the collection of the fringe benefits, including reasonable attorneys' fees and costs, including accounting costs; and granting such other relief that the Court may deem just and proper.

Respectfully submitted,

HARTNETT REYES-JONES, LLC


/s/ Matthew J. Gierse
MATTHEW J. GIERSE, No. 63828MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:   314-531-1131
mgierse@hrjlaw.com

Attorneys for Plaintiffs